UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAWLIN CABRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11-cr-00205-JAW-4 |
| | ) | 1:16-cv-00344-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Dawlin Cabrera has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 898.) Petitioner cites *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), as one of his bases for relief. (Motion at 1.) Petitioner also requests relief under Amendment 794 to the sentencing guidelines, regarding U.S.S.G. § 3B1.2, and he requests that the Court modify his sentence if and when he completes a drug program. (Motion at 1; Attachment to Motion, ECF No. 898-2 at 1-2.)

Petitioner was convicted following his guilty plea to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. (Judgment, ECF No. 496.) The Court sentenced Petitioner to a term of 120 months of imprisonment, followed by a term of 5 years of supervised release. (*Id.* at 2-3.) Petitioner appealed from the sentence; the First Circuit affirmed the judgment. *United States v. Cabrera*, No. 13-1884 (1st Cir. Dec. 5, 2014).

In March 2015, this Court granted Petitioner's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), and reduced the prison term from 120 months to 97 months. (Order, ECF No. 855.)

Petitioner filed a section 2255 motion in June 2015. (Motion, ECF No. 872.) In that motion, Petitioner claimed that (1) he was denied substantive and procedural due process, and that he received ineffective assistance of counsel, in the determination of the drug quantity; (2) counsel provided ineffective assistance at the plea hearing and at sentencing regarding sentencing enhancements; and (3) the Government violated the plea agreement by using information obtained from Petitioner's proffer regarding the drug quantity. (*Id.* at 4-5, 7-8.) The Court denied the motion and denied a certificate of appealability. (ECF No. 882 (Recommended Decision), ECF No. 889 (Order Affirming).) Petitioner's request for a certificate of appealability is pending and docketed in the First Circuit at *Cabrera v. United States*, No. 16-1066.

Given that Petitioner's request to appeal from the denial of his prior section 2255 motion is pending in the First Circuit, the motion pending in this Court (ECF No. 898) is a second or successive motion subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h). This Court has not received an order from the First Circuit authorizing Petitioner to proceed on the motion in this Court.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized a petitioner to proceed on the motion. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008)

(quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[1] The issue, therefore, is whether the Court should dismiss or transfer the matter.

Insofar as Petitioner relies in part on the Supreme Court's ruling in *Johnson* to support his motion, and given the one-year limitations period for filing *Johnson*-related motions, transfer is appropriate.[2] *See United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (holding that transfer

---

[1] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

[2] Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the First Circuit authorizes Petitioner's second or successive section 2255 motion, the motion would be reinstated to this Court's docket and would be considered to have been timely filed, pursuant to section 2255(f)(3) and Rule 3(d) of the Rules Governing

3

is not mandated, but noting "that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues"); *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015) (noting that the district court had transferred to the circuit court, pursuant to section 1631, a second or successive section 2255 motion for the circuit court to consider whether to authorize the motion as a second or successive section 2255 motion).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court transfer the pending section 2255 motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e).  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 30th day of June, 2016.

---

Section 2255 Cases, because Petitioner signed it and placed it in the prison mailing system before the one-year limitation period runs on the Supreme Court's June 26, 2015, *Johnson* decision.