UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:11-cr-00205-JAW-4 |
| | ) | |
| | ) | |
| DAWLIN CABRERA | ) | |
| | ) | |

**ORDER DISMISSING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On June 24, 2013, the Court sentenced Dawlin Cabrera to 120 months of incarceration, five years of supervised release, and a $100.00 special assessment for his part in a drug-trafficking conspiracy distributing large volumes of crack cocaine in Maine. *J.* (ECF No. 496). On March 31, 2015, the Court granted Mr. Cabrera's motion to reduce his term of incarceration from 120 months to 97 months, based on the retroactive application of changes in statutory and guideline law. *Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 855). On March 22, 2019, Mr. Cabrera completed his term of incarceration. *See* https://www.bop.gov/inmateloc/ (BOP Register No. 66317-054) (last visited July 12, 2022). Under the terms of the criminal judgment, Mr. Cabrera is not scheduled to be terminated from supervised release until March 21, 2024.

On June 6, 2022, Mr. Cabrera filed a motion for early termination of supervised release. *Mot. to Reduce Supervised Release Term Pursuant to 18 U.S.C. § 3583(e)(1)* (ECF No. 1095) (*Def.'s Mot.*). In his motion, Mr. Cabrera stresses that his "risk of

rearrest is much lower than average." *Id.* at 9. Mr. Cabrera also writes that he poses "no risk to the community of future criminal re-offense" and he notes that he has "served over one year of supervised release and committed no new crimes." *Id.* at 18.

In its objection to Mr. Cabrera's motion, the Government notes that on July 22, 2020, while on supervised release, Mr. Cabrera was arrested in New Jersey and failed to report this arrest to his Probation Officer. *Gov't's Opp'n to Def.'s Mot. for Early Termination of his Supervised Release* at 1 (ECF No. 1096). On March 25, 2021, a grand jury in Bergen County, New Jersey indicted Mr. Cabrera, charging him with possession of controlled substances with the intent to distribute, possession of cocaine, and money laundering. *Id.* at 1-2.

The Government attached a copy of the New Jersey indictment to its opposition. The March 25, 2021, indictment contains four counts: (1) Count One alleges that on July 22, 2020, Mr. Cabrera possessed buprenorphine with the intent to distribute it, (2) Count Two alleges that on July 22, 2022, he possessed buprenorphine, (3) Count Three alleges that on July 22, 2020, he possessed $204,184.00 in United States currency derived from criminal activity, and (4) Count Four alleges that on July 22, 2020, he possessed cocaine. *Id.*, Attach. 1, *The State of New Jersey v. Dawlin S. Cabrera, Indictment* at 1-3.

In view of these new charges, the Court DISMISSES without prejudice Dawlin Cabrera's motion for early termination of supervised release. The Court does so first because even though these charges are still pending in the state of New Jersey, the Court deems it prudent to wait until these charges are resolved before reaching the

merits of Mr. Cabrera's motion. Second, the Court notes that the Government alleges that Mr. Cabrera did not inform his Probation Officer of his New Jersey arrest. If true, this would be a violation of Standard Condition 11 of the terms of his supervised release. *J.* at 3 ("[T]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer"). Third, even though Mr. Cabrera had been indicted in New Jersey as of the date of his motion for early termination, Mr. Cabrera's nineteen-page motion makes no mention whatsoever of these criminal charges and instead insists that his "full compliance with all conditions of supervised release" and law abiding "conduct warrants early termination in this case." *Def.'s Mot.* at 18-19. Based on the information before the Court, the Court concludes that Mr. Cabrera's motion amounts to misleading the Court by omission.

The Court therefore DISMISSES without prejudice Dawlin Cabrera's Motion to Reduce Supervised Release Term Pursuant to 18 U.S.C. § 3583(e)(1) (ECF No. 1095). If Mr. Cabrera is not convicted of any of the New Jersey charges and wishes to explain his apparent violation of the terms of his supervised release and his significant factual omissions, he is free to refile his request for early termination as he deems appropriate.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2022